UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD DISNEY,

    Plaintiff,                      Case No. 2:16-cv-14236

v.                                    HONORABLE STEPHEN J. MURPHY, III

JUDGE DENISE PAGE HOOD,

    Defendant.
_____/

**OPINION AND ORDER
AMENDING THE CAPTION, DISMISSING PLAINTIFF'S
COMPLAINT, AND TRANSFERRING CASE TO THE COURT OF APPEALS**

Before the Court is Plaintiff Clifford Disney's complaint, filed pro se and pursuant to 42 U.S.C. § 1983. Disney is a state prisoner currently confined at the Cotton Correctional Facility in Jackson, Michigan. At the outset, the Court amends the caption of the case to reflect that Defendant's correct name is Judge Denise Page Hood.[1] The Court will also deny Disney's complaint, because it fails to state a claim upon which relief can be granted. And because the Court construes Disney's action as a second or successive petition for habeas relief, it will transfer the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

**STANDARD OF REVIEW**

Disney has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). But 28 U.S.C. § 1915(e)(2)(B) states:

    Notwithstanding any filing fee, or any portion thereof, that may have been paid,
    the court shall dismiss the case at any time if the court determines that:

---

[1] The complaint incorrectly names the defendant as "Hood Denise Page."

(B) the action or appeal:
(I) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. July 31, 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Havard v. Puntuer,* 600 F. Supp. 2d 845, 850 (E.D. Mich. 2009). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

The Court notes that Disney has named Chief Judge Denise Page Hood, a federal district court judge, as the defendant. 42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. *See Halter v. Eichenlaub*, 566 F. Supp. 2d 649, 651 (E.D. Mich. July 25, 2008). A plaintiff may, however, file suit in federal court for damages arising from a violation of constitutional rights by persons acting under the color of federal law. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). Because Disney is alleging that his constitutional rights were violated by a person acting under color of federal law, the Court will construe Disney's § 1983 complaint against Chief Judge Hood as being a *Bivens* action. *See, e.g., Shehee v. Luttrell,* 199 F.3d 295, 298 (6th Cir. 1999).

**THE COMPLAINT**

In 2012, Disney filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his 2006 convictions in the Wayne County Circuit Court for possession of a controlled substance, Mich. Comp. Laws § 333.7403(2)(b)(ii), and operating a vehicle while under the influence of a controlled substance, Mich. Comp. Laws § 257.625(1)(a). The case was assigned to Judge Hood, who denied habeas relief. *Disney v. Larson*, No. 12-13828, 2014 WL 6675264 (E.D. Mich. Nov. 25, 2014), *app. dism*. No. 15-1259 (6th Cir. May 29, 2015); *reh. den.* No. 15-1259 (6th Cir. Aug. 24, 2015); *cert. den. sub. nom. Disney v. Brewer*, 136 S. Ct. 2395 (2016).

Plaintiff claims in his complaint that Judge Hood mishandled his habeas case and erred in denying the petition for writ of habeas corpus. Plaintiff also argues again that his conviction should be set aside because he was denied a fair trial due to numerous alleged constitutional violations. Plaintiff seeks monetary damages and injunctive relief.

**DISCUSSION**

The complaint must be dismissed against Chief Judge Hood because she is immune from suit. Generally, judges are absolutely immune from civil rights suits for money damages. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir.1997) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) and *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)). Judicial immunity is abrogated only when a judge is not acting in a judicial capacity, or when the judge takes action in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12. The doctrine of absolute judicial immunity also protects federal judges from injunctive relief as well as monetary damages. *Kipen v. Lawson,* 57 F. App'x. 691, 691 (6th Cir. 2003) (citing *Bolin v. Story,* 225 F.3d 1234, 1240–42 (11th Cir. 2000). And federal judges are immune

from *Bivens* suits for equitable relief. *See Newsome v. Merz,* 17 F. App'x. 343, 345 (6th Cir. 2001).

Whether an action is "judicial" depends on the "'nature' and 'function' of the act, not the 'act itself.'" *Mireles,* 502 U.S. at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). This functional analysis generally turns on two factors set forth by the Supreme Court in *Stump*. First, rather than looking at a particular act in isolation, courts "look to the particular act's relation to a general function normally performed by a judge." *Id.* Second, courts must assess whether the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362. An act "'does not become less judicial by virtue of an allegation of malice or corruption of motive.'" *Sparks v. Character and Fitness Committee of Ky.*, 859 F.2d 428, 432 (6th Cir. 1988) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).

Chief Judge Hood is absolutely immune from monetary damages and declaratory or injunctive relief for any actions taken with respect to Disney's habeas petition, because the disposition of habeas petitions is a judicial act. *See Kipen,* 57 F. App'x. at 691–92; *see also Bradley v. United States,* 84 Fed. App'x. 492, 493 (6th Cir. 2003) (holding that a federal district judge, a law clerk, and a court clerk were entitled to absolute judicial immunity from liability in former federal prisoner's civil rights suit alleging that they violated his right of access to courts by delaying his habeas petition).

Moreover, to the extent that Disney is seeking once again to have his criminal conviction vacated or set aside, his appropriate federal remedy would be filing a petition for writ of habeas corpus. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal

4

remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the court of appeals. *See In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996). And the same requirement applies to motions where the "factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence," because the motion is construed as a second or successive habeas petition. *See In re Abdur'Rahman,* 392 F.3d 174, 181 (6th Cir. 2004); *see also Long v. Commonwealth of Ky.,* 80 F. App'x. 410, 414 (6th Cir. 2003); *Byrd v. Bagley,* 37 Fed. App'x. 94, 95 (6th Cir. 2002).

Disney previously challenged his Wayne County convictions in a prior habeas petition, which was denied on the merits. To the extent that Disney's civil-rights complaint is the equivalent of a second or successive habeas petition, it must therefore be transferred to the Sixth Circuit for a certificate of authorization pursuant to § 2244(b)(3)(A).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Disney's Complaint (document no. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit to determine whether plaintiff may file a subsequent habeas petition.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: December 22, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 22, 2016, by electronic and/or ordinary mail.

        s/David P. Parker
        Case Manager